UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL WAYNE NELSON,

    Plaintiff,

v.                                                       Case No. 3:18-cv-1064-J-34MCR

STATE OF FLORIDA, et al.,

    Defendants.
_____

## **ORDER**

1.    Plaintiff's "Emergency – Affidavit – To All Active Judges in these Case Numbers"[1] is **STRICKEN**. This case is closed. See Order (Doc. 4).

2.    Plaintiff's "Objection Affidavit," which the Court construes as a motion for reconsideration of the Court's order dismissing the case without prejudice (Doc. 7; Motion), is **DENIED**. In his Motion, Plaintiff asks the Court to reinstate this case and grant a preliminary injunction of "immediate release, or transfer to a federal holding facility, for his saf[e]ty, pending outcome of this suit."[2] See Motion at 7.

Motions for reconsideration are governed by Rules 59(e) or 60(b), Federal Rules of Civil Procedure (Rule(s)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." United States v. Edler, Case No. 13-60168-CR, 2013

---

[1] Plaintiff also filed this document in his habeas case in an apparent challenge to the order of dismissal. See Case No. 3:17-cv-188-J-20PDB (Docs. 29, 31).

[2] While Plaintiff claims that he is not currently in danger at Bay Correctional Facility, he fears that his pending transfer will put him in danger of being killed by gang members who have placed a "terminate on sight" order on him. See Motion at 2, 5, 7. According to Plaintiff, this Court's entry of its Amended Standing Order (Doc. 2), which is entered when an inmate makes a claim of suicidal intent or other imminent physical harm, resulted in an investigation and decision to transfer him to another facility. See Motion at 2. Plaintiff believes that the decision to transfer him has placed him in imminent danger of harm. Id.

WL 4543695, at *1 (S.D. Fla. Aug. 27, 2013) (alteration in original). "The three primary grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Fenello v. Bank of Am., N.A., 577 F. App'x 899, 903 n.7 (11th Cir. 2014) (quoting Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010)). However, "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quotations omitted).

Upon review of Plaintiff's Motion, the Court finds that he has failed to demonstrate he is entitled to the relief he seeks because he does not identify an intervening change in controlling law, new evidence, or a need to correct a clear error to prevent manifest injustice. See Fenello, 577 F. App'x at 903 n.7. Plaintiff primarily seeks to relitigate old issues, including a review of the decision in his habeas case. In his Motion, Plaintiff does reference the existence of "newly discovered evidence." See Motion at 3. However, the evidence he references is not in fact "new" for purposes of the relief he seeks in this case. Instead, he references evidence that he included with his original filing (Doc. 1) and that he believes supports his habeas petition. Importantly, Plaintiff clarifies that he does not intend to pursue a civil rights suit under 42 U.S.C. § 1983. See Motion at 2. Rather, he asserts an intent to sue State Attorney John Tanner for actions over which this Court would lack original jurisdiction: "breach of contract, breach of trust, [and] breach of oath." Id. at 1. Thus, to the extent Plaintiff seeks entry of a preliminary injunction in a matter over which the Plaintiff fails to allege a basis for subject matter or personal jurisdiction, this

2

Court may not grant such relief. Moreover, as the Court previously informed Plaintiff, this Court may not order his immediate release or transfer in a civil case. See Order (Doc. 4). As such, Plaintiff is not entitled to injunctive relief or the reinstatement of this action.

3. In light of Plaintiff's assertions that a transfer to another state facility will place him in imminent danger, the Court directs the Clerk to send a copy of this Order and Plaintiff's Motion (Doc. 7) to the Inspector General and the Warden of Bay Correctional Facility for any investigation or intervention that may be warranted.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of September, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:
Michael Wayne Nelson, #128193